IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| USIC, LLC; USIC LOCATING SERVICES, LLC; and LOCATE HOLDINGS, INC., <br><br>    Plaintiffs, <br><br> vs. <br><br> BRENT COFFIELD, TRAVIS DANIELS, BRIAN HANNA, ZACH MATNEY, ERIC MOODY, TOM ORTH, and CONSOLIDATED INFRASTRUCTURE GROUP, INC., <br><br>    Defendants. | Case No.: 1:16-cv-3285 |

cv

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Rule 81-1, Defendants, by and through their undersigned counsel, hereby remove the action filed by Plaintiffs in the Superior Court of Marion County, Indiana, Cause No. 49D01-1611-PL-039993 (hereinafter "Indiana State Court Action"), to the United States District Court for the Southern District of Indiana.  Removal is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331, because a federal question appears on the face of the initial pleading filed by Plaintiffs in the Indiana State Court action.  Removal is also based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), because Plaintiffs "fraudulently joined" Defendant Consolidated Infrastructure Group, Inc. ("CIG"), to the Indiana State Court Action solely for purposes of defeating diversity and preventing removal and consolidation of this action with a pending federal court action in the United States District Court for the District of Nebraska, between the same parties and involving the same issues.

## I. Background

1. Plaintiffs USIC, LLC, USIC Locating Services, LLC, and Locate Holdings, Inc. (hereinafter collectively referred to as "USIC"), are engaged in the business of providing underground utility locating services to utilities and public and private parties. USIC is by far the largest provider of utility locating services in the United States and controls a dominant share of the market.

2. Defendants Brent Coffield ("Coffield"), Travis Daniels, Brian Hanna ("Hanna"), Zach Matney, Eric Moody, and Tom Orth (hereinafter collectively referred to as "Former Employees") are former employees of USIC. None of the Former Employees are citizens of the State of Indiana.

3. Defendant CIG is a recently formed competitor of USIC, also engaged in the business of providing underground utility locating services to utilities and public and private parties. CIG does not maintain any office or location in the State of Indiana and does not conduct business in Indiana.

4. In September of 2016, CIG hired the Former Employees after they terminated their employment with USIC.

5. On October 14, 2016, USIC served cease and desist letters on each of the Former Employees alleging that each had misappropriated trade secrets. Additionally, the cease and desist letters alleged that Defendants Hanna, Daniels and Moody had violated employment agreements signed during the period they were employed by USIC.

6. USIC threatened legal action against CIG and each of the Former Employees if they did not immediately return and cease using USIC's "trade secrets" and "confidential information," and immediately cease any competitive activity in violation of their agreements. Furthermore,

USIC demanded that each Former Employee sign and return a notarized "Confirmation/Agreement" certifying that no "confidential information" had been removed or would be used, and confirming the validity and enforceability of the employment agreements. USIC threatened legal action if the notarized "Confirmation/Agreements" were not returned by October 19, 2016.

7. On October 19, 2016, CIG and the same Former Employee Defendants named in the Indiana State Court Action, filed a Complaint in the District Court for the District of Nebraska against the Plaintiffs in a matter styled *Consolidated Infrastructure Group, Inc. et al. v. USIC, LLC, et al.,* Case No. 8:16-cv-00472 (D. Neb. 2016) (hereinafter the "Nebraska Federal Action"). The pending Nebraska Federal Action is between the same parties and arises from the same facts and agreements at issue in the Indiana State Court Action.

8. In the Nebraska Federal Action, CIG and the Former Employees seek: (a) a determination that CIG and the Former Employees have not misappropriated trade secrets under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836(c), and (b) a determination that the restrictive covenants contained in the agreements signed by Hanna, Daniels and Moody are unenforceable.

9. CIG and the Former Employees also seek injunctive relief against USIC in the Nebraska Federal Court Action for antitrust and anti-competition violations and tortious interference by USIC.

## II. Removal is Timely

10. Plaintiffs commenced this action in the Superior Court of Marion County, Indiana, on November 9, 2016, three weeks after the Nebraska Federal Action was commenced.

11.     Defendant Coffield was served a summons and copy of the initial pleading captioned "Complaint" on November 12, 2016.  Defendant Coffield was the first defendant served in this action.  Defendant Hanna was served on November 16, 2016.  Defendant CIG was served on November 18, 2016.  True and correct copies of all process, pleadings and orders received by Defendants Coffield, Hanna and CIG, consisting of the Summons and Complaint, are attached hereto as **Exhibit A**.

12.     The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after November 18, 2016, the date CIG was served.

13.     This District is the proper venue for filing the Notice of Removal pursuant to 28 U.S.C. § 1441(a) because this District includes Marion County, Indiana, which is where the Indiana State Court Action was filed.

14.     The Complaint attached hereto seeks declaratory and injunctive relief and alleges that CIG and the Former Defendants conspired to misappropriate trade secrets and violate the agreements signed by Hanna, Daniels and Moody at issue in the Nebraska Federal Court Action.  The Complaint further alleges that the defendants tortiously interfered with USIC and alleges that the defendants violated Ind. Code § 34-24-3-1.

### III. The Court Has Proper Diversity Jurisdiction

15.     The Complaint alleges that Plaintiff USIC, LLC is a single member limited liability company whose sole member is a Delaware corporation.  [Exhibit A, Complaint, ¶ 1].  If true, the joinder of CIG as a defendant destroys diversity of citizenship, because CIG is a Delaware corporation, while maintaining its principal place of business in Omaha, Nebraska.

16. Defendants assert that CIG was "fraudulently joined" to the latter filed Indiana State Court Action, in an effort to destroy diversity and prevent this Action from being removed and consolidated with the Nebraska Federal Court Action.

17. Defendants assert that there is no possibility that USIC can state a cause of action against CIG in the Indiana State Court Action because CIG cannot constitutionally be subjected to jurisdiction in the Superior Court of Marion County, Indiana. *Fidelity & Deposit Co. of Md. v. Sheboygan Falls*, 713 F.2d 1261 (7th Cir. 1983).

18. CIG does not conduct business in Indiana and does not maintain any presence within the state. CIG does not have any employees, offices, agents or property in the State of Indiana. Nor does the Complaint allege facts to the contrary. CIG is not registered to conduct business in the State of Indiana and does not maintain a registered agent for purposes of service. To the contrary, Plaintiffs served CIG's registered agent in Lincoln, Nebraska, by regular mail. [See Exhibit A].

19. CIG has not entered into any agreement with USIC whereby CIG consented to submit to jurisdiction in the State of Indiana, nor does the Complaint allege any facts to the contrary.

20. The Complaint does not allege that CIG has purposefully conducted any activity within, or directed any activity purposefully at, the State of Indiana. Instead, the Complaint alleges that CIG conspired with others who allegedly owed duties to, or had agreements with, USIC. CIG respectfully asserts that because the Superior Court of Marion County, Indiana, cannot possibly assert personal jurisdiction over CIG without violating CIG's constitutional due process rights, CIG was "fraudulently joined."

21. Because CIG was "fraudulently joined," the Court should disregard CIG for purposes of determining diversity of citizenship. The Complaint concedes that none of the Former Employees are Indiana citizens. [Exhibit A, Complaint, ¶¶ 4-9]. Since CIG is the only non-diverse defendant, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

22. Defendants assert that the amount in controversy exceeds $75,000.

23. USIC concedes that the amount in controversy exceeds $75,000, as admitted in the Complaint filed in the Indiana State Court Action. [Exhibit A, Complaint, ¶ 91].

### IV. Alternatively, The Court Has Proper Federal Question Jurisdiction

24. The Complaint generally alleges that the defendants misappropriated trade secrets, but does not specifically allege that the defendants misappropriated trade secrets as defined and protected under the laws of Indiana.

25. Pursuant to the Defend Trade Secrets Act ("DTSA") enacted earlier this year, Publ. L. 114-53, 130 Stat. 376, Congress specifically established and conferred federal question jurisdiction on the United States District Court over civil actions pertaining to the theft of trade secrets used in interstate or foreign commerce. 18 U.S.C. § 1836(c); *see M.C. Dean, Inc. v. City of Miami Beach, Florida,* No. 16-21731-CIV, 2016 WL 4179807, at *3 (S.D. Fla. Aug. 8, 2016).

26. USIC and CIG are both engaged in interstate commerce and as demonstrated by the facts pled in the Complaint, this dispute arises out of interstate commerce.

27. The Court has federal question subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 because this dispute arises under 18 U.S.C. § 1836(c).

### V. The Court Has Supplemental Jurisdiction Over State Law Claims

28. Defendants request removal of all non-federal state statutory and common law claims on the grounds that this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367, because those claims arise out of the same operative facts as Plaintiffs' DTSA

claims, and are part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

29. Defendants assert that none of the claims asserted by Plaintiffs in the Complaint are deemed non-removable by any Act of Congress.

### VI. Consent of All Defendants

30. This Notice of Removal is filed on behalf of all Defendants and all Defendants join and consent to removal of this action.

### VII. Indiana State Court Notice

31. Concurrently with this Notice of Removal, Defendants will file a copy of this Notice of Removal with the Superior Court of Marion County, Indiana. A copy of the written notice of the Notice of Removal to Federal Court is attached hereto as **Exhibit B**.

32. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Plaintiffs.

33. Defendants respectfully request and reserve the opportunity to fully brief, present oral argument, and if necessary, present evidence in support of removal in the event removal is challenged.

WHEREFORE, Defendants pray that this action be removed from the Marion Superior County, Marion County, Indiana, to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. § 1441.

Dated: December 5, 2016                         Respectfully submitted,

                                                                  */s/ Jonathan D. Mattingly*
                                                                   Jonathan D. Mattingly # 21011-41
                                                                   MATTINGLY BURKE COHEN & BIEDERMAN LLP
                                                                   5255 Winthrop Ave., Suite 100
                                                                   Indianapolis, IN 46220

T: 317-614-7324
Jonathan.mattingly@mbcblaw.com

Michael D. Degan
Kutak Rock
1650 Farnam Street
Omaha, NE 68102
402-661-8635
Mike.degan@kutakrock.com

*Attorneys for Defendant Consolidated Infrastructure Group, Inc Brent Coffield, Travis Daniels, Brian Hanna, Zach Matney, Erin Moody, and Tom Orth*

**CERTIFICATE OF SERVICE**

      I hereby certify that December 5, 2016, a copy of the foregoing was filed electronically. Service of this filing is also being made by United States Postal Service on the following:

Paul A. Wolfla
Mark L. Shopre
Faegre Baker Daniels LLP
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Paul.Wolfla@faegrebd.com
Mark.Shope@faegrebd.com


                                                */s/ Jonathan D. Mattingly*
                                                Jonathan D. Mattingly # 21011-41