UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| USIC, LLC, | ) | |
| LOCATE HOLDINGS, INC., | ) | |
| USIC LOCATING SERVICES, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:16-cv-03285-TWP-MJD |
| | ) | |
| vs. | ) | |
| | ) | |
| BRENT  COFFIELD, | ) | |
| TRAVIS  DANIELS, | ) | |
| BRIAN  HANNA, | ) | |
| ZACH  MATNEY, | ) | |
| ERIC  MOODY, | ) | |
| TOM  ORTH, | ) | |
| CONSOLIDATED INFRASTRUCTURE | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs' *Motion to Remand.* [Dkt. 11.]  On March 7,

2017, District Judge Tanya Walton Pratt designated the undersigned Magistrate Judge to issue a

report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  [Dkt. 37.]  For the reasons set

forth below, the Magistrate Judge recommends Plaintiffs' motion be **GRANTED.**

I.    **Background**

This action involves allegations of misappropriation of trade secrets by former employees

of an underground utility-locating service who joined a competing business. Although the

lawsuit was removed to this Court on December 5, 2016, the procedural background begins with

a declaratory judgment action filed in the District of Nebraska months earlier (the "Nebraska

Action"). *CIG et al v. USIC et al*, No. 8:16-cv-0472-JFB-SMB (D. Neb. 2016). The relevant

factual allegations from the complaints giving rise to both actions are as follows:

Plaintiffs USIC, LLC, USIC Locating Services, LLC, and Locate Holdings, Inc.

(collectively "USIC"), together are the leading providers of underground utility locating and

damage prevention services in the United States. USIC is headquartered in Indianapolis, Indiana.

The individual defendants in this lawsuit are all former managerial employees of USIC.

Defendant Consolidated Infrastructure Group, Inc. ("CIG") is a newly-formed competing

location services provider based in Omaha, Nebraska.

In May 2016, Defendant Moody left USIC and joined CIG in a substantially similar role.

In September 2016, the remaining individual defendants followed suit. USIC contends that, at

the direction of CIG, these former employees downloaded confidential and trade-secret

information prior to their departure in order to benefit CIG. USIC further alleges that the

individual defendants attempted to solicit USIC employees and customers. On October 14, 2016,

USIC sent cease and desist letters threatening legal action against the former employees if they

failed to execute a sworn authorization by October 19, 2016, confirming they had not and would

not disclose any confidential information or trade secrets belonging to USIC.

On October 19, 2016, CIG and the former employees (defendants in this action) filed the

Nebraska Action, seeking a determination that the former employees did not misappropriate

trade secrets under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 (c), and

that the restrictive covenants in the agreements signed by three of the employees are

unenforceable. The Nebraska Action further seeks injunctive relief against USIC for antitrust and

anti-competition violations and tortious interference by USIC. *CIG et al v. USIC et al*, No. 8:16-cv-0472-JFB-SMB (D. Neb. 2016) at Dkt. 1.

On November 9, 2016, USIC filed this action in Marion Superior Court, alleging trade secret misappropriation, breach of contract, tortious interference with a contract and pecuniary loss under Ind. Code § 34-24-3-1. [Dkt. 1-1.]  The Complaint does not specify whether it asserted the trade secret misappropriation claim under Indiana law or under the DTSA; however, in the briefing of this Motion USIC contends that it only seeks relief under Indiana law.

Defendants removed the action to this Court on December 5, 2016. [Dkt. 1.] In the Notice of Removal, Defendants asserted removal was appropriate based upon diversity of citizenship, despite the fact that USIC and CIG are both Delaware corporations. Defendants argue that CIG was fraudulently joined by USIC in an effort to destroy diversity and prevent removal and consolidation with the Nebraska Action. In the alternative, Defendants assert that because USIC did not specifically assert the misappropriation of trade secret allegations under Indiana law, the Court should apply the DTSA, which confers federal question jurisdiction. Shortly after removal, Defendants filed two motions to dismiss for lack of personal jurisdiction. [Dkt. 4 and Dkt. 8.]

USIC now seeks to remand this action because this Court lacks subject matter jurisdiction over its claims. USIC argues that it has asserted legitimate claims against CIG that preclude the application of the fraudulent joinder doctrine. USIC further argues there is no basis for federal question jurisdiction because its Complaint does not invoke federal law.

**II.    Discussion**

As a threshold matter, the parties first dispute which pending motion the Court should address first. Defendants assert the Court should address their "more straightforward" motions to dismiss for lack of personal jurisdiction *prior* to this Motion. [Dkt. 18 at 4.]  In a removed case

with competing jurisdictional motions, as in this case, the Court's has the discretion to determine

which motion to consider first. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 587-88

(1999). In most instances, a federal court will resolve issues relating to subject matter jurisdiction

prior to addressing a personal jurisdiction inquiry. However, there is no mandatory "sequencing

of jurisdictional issues." *Ruhrgas*, 526 U.S. at 584. In this case, not all of the defendants have

filed motions to dismiss for lack of personal jurisdiction. Consequently, regardless of how the

Court resolves those motions, the question will remain whether subject matter jurisdiction exists.

Therefore, the Court will exercise its discretion to examine the subject matter jurisdictional issue

first.

### A.  *Diversity Jurisdiction and Fraudulent Joinder*

USIC asserts the Court cannot exercise jurisdiction over this matter based upon diversity

because USIC and CIG are both Delaware corporations. For a federal court to have jurisdiction

over a suit based on diversity, there must be complete diversity of citizenship – no defendant can

share the citizenship of any plaintiff. 28 U.S.C. § 1332(a). The doctrine of fraudulent joinder,

however, provides an exception to the requirement of complete diversity. Fraudulent joinder

prohibits a plaintiff from naming a non-diverse defendant against whom plaintiff has "no chance

of success" solely for the purpose of destroying diversity jurisdiction. *Poulos v. Naas Foods,*

*Inc*., 959 F.2d 69, 73 (7th Cir. 1992). Defendants assert that USIC named CIG as a defendant in

this action solely to thwart Defendants' right to remove the case from state court and consolidate

it with the Nebraska action.

To decide whether joinder was fraudulent, a court must ask whether, "after resolving all

issues of fact and law in favor of the plaintiff...there is any reasonable possibility that the

plaintiff could prevail against the non-diverse defendant." *Schur v. L.A. Weight Loss Ctrs., Inc*.,

577 F.3d at 764 (internal quotation marks omitted). A defendant faces a "heavy burden" to demonstrate the joinder was fraudulent and courts must resolve all issues of fact and law in favor of the plaintiff. *Poulos*, 959 F.2d at 73. If Defendants meet that heavy burden, the Court may disregard the non-diverse defendant for jurisdictional purposes. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013).

Defendants argue USIC has no chance of success on its claims against CIG for two reasons: (1) Indiana lacks personal jurisdiction over CIG; and (2) USIC's claims have no possibility of success on the merits. Defendants' first argument is misplaced. The Court's fraudulent joinder analysis must focus on the *viability* of Plaintiffs' claims. *See Schur*, 577 F.3d at 764. (noting that the burden to establish fraudulent joinder is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Whether Indiana has personal jurisdiction over CIG is a separate matter that should be decided by the court with subject matter jurisdiction.

If there is a reasonable possibility that USIC could prevail on at least one of its claims, that is enough to show that CIG has not been fraudulently joined. *See Conk v. Richards & O'Neil, LLP*, 77 F. Supp. 2d 956, 970 (S. D. Ind. 1999). At the heart of this case is USIC's claim of trade secret misappropriation. Trade secret misappropriation is governed by Indiana's Uniform Trade Secret Act ("IUTSA"), Ind. Code § 24–2–3–1 *et seq.,* which defines "misappropriation" as "disclosure or use of a trade secret without consent by one who knew or had reason to know the trade secret was 'acquired under circumstances giving rise to a duty to maintain secrecy or limit its use' or derived from one who 'owed a duty to the person seeking relief to maintain its secrecy or limit its use.'" *Tecnomatic, S.P.A. v. Remy, Inc.*, 954 F. Supp. 2d 860, 866 (S.D. Ind. 2013) (internal citation omitted).

Defendants assert that because USIC failed to identify the trade secrets allegedly misappropriated by the Defendants, there is no possibility USIC can succeed on its claim. The Court disagrees. USIC is not required to plead facts that would disclose its trade secrets to properly state a claim. *See Remy, Inc. v. Tecnomatic S.P.A.*, 2014 WL 2882855 (S.D. Ind. 2014). In an 18-page Complaint, USIC sets forth a detailed account of its allegations concerning how it believes Defendants gained access to information they were aware constituted trade secrets, how such access violates the law and breaches various contracts, and the damages that result. As the entity alleged to have benefited from such misappropriation – and who initiated the Nebraska Action to decide the very same issues – it defies credulity and simple logic for CIG to suggest it was fraudulently joined to this lawsuit.

The Court finds the Complaint adequately alleges a colorable claim of trade secret misappropriation against CIG. Because USIC and CIG are not diverse parties, and CIG was not fraudulently joined, diversity jurisdiction does not exist in this action.

## B. *Federal Question Jurisdiction*

USIC asserts there is no basis for federal question jurisdiction in this matter because the Complaint does not invoke the application of federal law. Generally, the basis for federal question jurisdiction must be apparent from the face of a plaintiff's well-pleaded complaint. *See Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 799 (7th Cir. 2013). USIC cited to no federal statute in its Complaint and asserts now that it intends to only pursue remedies under Indiana law.

The "well-pleaded complaint" rule makes the plaintiff "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant cannot, "merely by injecting a federal question into an

6

action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing." *Id*. at 399. By filing the Nebraska Action and pre-emptively characterizing USIC's trade secret claim as one under federal law, Defendants have attempted to create a scenario where Plaintiff is master of nothing. Defendants chose the forum. Defendants chose the law.

While Defendants are correct that USIC did not specify in its Complaint whether it was seeking relief under Indiana or federal law, it does not follow that USIC must now assert its claim under the DTSA simply because Defendants chose to do so in the declaratory judgment action. In fact, USIC would now be estopped from asserting its claims under the DTSA based upon its assertions in this Motion that it is asserting its trade secret claims entirely under Indiana law.  Accordingly, USIC's Complaint does not assert a claim under federal law.

As there is no basis for diversity or federal question jurisdiction in this case, removal was improper and this Court does not have subject matter jurisdiction over this matter.

## III.    Conclusion

Based on the foregoing, the Magistrate Judge recommends the Court **GRANT** USIC's *Motion to Remand* [Dkt. 11] and remand this action to the Marion Superior Court. Consequently, the Magistrate Judge further recommends the Court **DENY AS MOOT** Defendants' *Motion to Transfer* this matter to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1404(a), [Dkt. 22], as that statute would not allow the transfer

of this case by a state court and, as noted herein, federal subject matter jurisdiction over this case does not exist in any event.[1]

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  16 MAR 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Mark L. Shope
FAEGRE BAKER DANIELS
mark.shope@faegrebd.com

Paul A. Wolfla
FAEGRE BAKER DANIELS LLP (Indianapolis)
paul.wolfla@faegrebd.com

David B. Helms
GERMAN MAY, PC
davidh@germanmay.com

Jonathan D. Mattingly
MATTINGLY BURKE COHEN & BIEDERMAN LLP
Jon.mattingly@mbcblaw.com

Traci L. Martinez
SQUIRE PATTON BOGGS LLP
traci.martinez@squirepb.com

---

[1] Defendant CIG's *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)* [Dkt. 4] and  Defendants' Coffield, Orth and Matney's *Joint Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)* [Dkt. 8] can be addressed by the Marion Superior Court upon remand.