UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| USIC, LLC, LOCATE HOLDINGS, INC., and USIC LOCATING SERVICES, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:16-cv-03285-TWP-MJD ) |
| BRENT COFFIELD, TRAVIS DANIELS, BRIAN HANNA, ZACH MATNEY, ERIC MOODY, TOM ORTH, and CONSOLIDATED INFRASTRUCTURE GROUP, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on a Motion to Remand filed by Plaintiffs USIC, LLC, Locate Holdings, Inc., and USIC Locating Services, LLC (collectively, "USIC") (Filing No. 11). Also pending before the Court is a Motion to Dismiss filed by Defendant Consolidated Infrastructure Group, Inc. ("CIG") (Filing No. 4); a Motion to Dismiss filed by Defendants Brent Coffield, Zach Matney, and Tom Orth (Filing No. 8); and a Motion to Transfer filed by all seven Defendants (Filing No. 22). The Court referred these four pending motions to Magistrate Judge Mark J. Dinsmore for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge issued a Report and Recommendation, recommending that the Motion to Remand be granted, the Motion to Transfer be denied as moot, and the Motions to Dismiss be decided by the state court after remand (Filing No. 38 at 7–8). The Defendants objected to the Report and Recommendation, asserting that the Magistrate Judge should have first addressed personal jurisdiction and the Motions to Dismiss rather than the Motion to Remand.

The Court finds no error of law or fact in the Report and Recommendation and therefore **OVERRULES** the Defendants' Objection (Filing No. 41). For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 38), **granting** USIC's Motion to Remand, **denying** as moot the Defendants' Motion to Transfer, and **deferring** the Motions to Dismiss to the state court.

## I. LEGAL STANDARD

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## II. DISCUSSION

The facts of this case are set forth in the Magistrate Judge's Report and Recommendation which the Court adopts, so only a brief synopsis of the factual background is stated in this Order. In addition, the Court declines to repeat all of the legal analysis and conclusions of the Magistrate Judge but rather points the parties to the Report and Recommendation for this information.

The dispute in this matter arises out of allegations of misappropriation of trade secrets by former employees of USIC, which is the leading provider of underground utility-locating services in the United States. The former employees (the individual Defendants in this action) left USIC and joined CIG, a newly-created competitor of USIC. USIC is headquartered in Indianapolis, Indiana, and CIG is headquartered in Omaha, Nebraska. Both USIC and CIG are Delaware corporations.

While still employees of USIC, some of the individual Defendants signed "protective covenants agreements" and "non-qualified stock option agreements," which in essence established non-compete, non-solicitation, and confidentiality obligations. The "protective covenants agreements" contained a forum selection clause directing that litigation proceed in courts in Marion County, Indiana.

USIC alleges that some individual Defendants breached their agreements with USIC, other Defendants tortiously interfered with the contracts, and all the Defendants misappropriated trade secrets. USIC filed a Complaint against the Defendants in November 2016 in Marion Superior Court, Indiana. The Complaint asserted state law claims and an unspecified misappropriation of trade secrets claim. The Defendants removed the action to this Court on December 5, 2016, on the bases of federal question jurisdiction for the misappropriation of trade secrets claim and diversity jurisdiction, asserting that CIG was fraudulently joined to defeat diversity (Filing No. 1).

Just weeks before USIC filed its Complaint in state court, the Defendants in this case had initiated a declaratory judgment action in a Nebraska federal court based on the same facts, and they included a claim concerning misappropriation of trade secrets under federal statute. After removing USIC's action to this Court from state court, the Defendants filed motions to dismiss based on a lack of personal jurisdiction and separately filed a motion to transfer this action to the

Nebraska district court. USIC filed a Motion to Remand, explaining that federal question jurisdiction does not exist because none of its claims were brought under federal law, diversity jurisdiction does not exist because CIG and USIC are both Delaware citizens, and CIG was not fraudulently joined.

USIC asserted that subject-matter jurisdiction and the Motion to Remand should be decided before personal jurisdiction and the Motions to Dismiss. Conversely, the Defendants asserted that personal jurisdiction and the Motions to Dismiss should be decided before subject-matter jurisdiction and the Motion to Remand. In his Report and Recommendation, the Magistrate Judge determined that it was appropriate to first decide the Motion to Remand and subject-matter jurisdiction, relying on *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999), which gives courts discretion to determine whether subject-matter jurisdiction or personal jurisdiction should be considered first, with subject-matter jurisdiction generally being considered first. There was no error in the Magistrate Judge first considering subject-matter jurisdiction and the Motion to Remand before considering personal jurisdiction, and the Court adopts this approach.

A review of the Magistrate Judge's consideration, analysis, and conclusions regarding fraudulent joinder and diversity jurisdiction reveals that the Magistrate Judge's determination was correct and without error. It is undisputed that USIC and CIG are not diverse parties since both are Delaware corporations. However, the doctrine of fraudulent joinder provides an exception to the requirement of complete diversity. Fraudulent joinder prohibits a plaintiff from naming a non-diverse defendant against whom plaintiff has "no chance of success" solely for the purpose of destroying diversity jurisdiction. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). If there is a reasonable possibility that USIC could prevail on at least one of its claims, that is enough to show that CIG has not been fraudulently joined. *See Conk v. Richards & O'Neil*, LLP, 77 F.

4

Supp. 2d 956, 970 (S. D. Ind. 1999). Defendants assert USIC failed to identify the trade secrets allegedly misappropriated in their Complaint, therefore, USIC cannot succeed on its claim. However, as the Magistrate Judge noted, USIC is not required to plead facts that would disclose its trade secrets to properly state a claim. In addition, USIC's Complaint sets forth sufficient allegations concerning how it believes Defendants gained access to information they were aware constituted trade secrets, how such access violates the law and breaches various contracts, and the damages that resulted. USIC's Complaint adequately alleges a colorable claim of trade secret misappropriation against CIG. Because USIC and CIG are not diverse parties, and because CIG was not fraudulently joined, diversity jurisdiction does not exist in this action.

Regarding the Magistrate Judge's consideration, analysis, and conclusion that USIC's Complaint does not assert a claim under federal law, the Court finds no error. Therefore, the Court adopts the Report and Recommendation on these issues of subject-matter jurisdiction.

USIC also requests an award of attorney fees and costs for the expense of seeking remand and fighting the removal of this action to federal court. USIC seeks these expenses pursuant to 28 U.S.C. § 1447(c), which provides, "An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Emphasis added.) The Report and Recommendation did not address this request for an award of expenses. Exercising its broad discretion under § 1447(c), the Court declines to award attorney fees and costs upon remand because this litigation does not involve a situation where there was no "objectively reasonable basis for seeking removal" to federal court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). *See, e.g.*, *Himes v. Allstate Prop. & Cas. Ins. Co.*, 2013 U.S. Dist. LEXIS 62826, at *4–5 (S.D. Ind. May 2, 2013) (awarding fees and costs upon remand where it was clear from

the facts and the complaint that removal was unwarranted because it was barred as untimely).  The Defendants presented reasonable, albeit unsuccessful, arguments for removal and dismissal.

### III. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation ([Filing No. 38](#)), granting USIC's Motion to Remand ([Filing No. 11](#)), denying as moot the Defendants' Motion to Transfer ([Filing No. 22](#)), and deferring the Motions to Dismiss to the state court ([Filing No. 4](#); [Filing No. 8](#)).  Therefore, the Court **REMANDS** this case to the state court of origin.  The Clerk is **DIRECTED** to remand this action to Marion Superior Court, Indiana, Case No. 49D01-1611-PL-039993.  This action is hereby **CLOSED**, and any other pending motions are hereby terminated.

**SO ORDERED.**

Date: 7/19/2017

*(signature)*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark L. Shope
FAEGRE BAKER DANIELS
mark.shope@faegrebd.com

Paul A. Wolfla
FAEGRE BAKER DANIELS
paul.wolfla@faegrebd.com

David B. Helms
GERMAN MAY, PC
davidh@germanmay.com

Jonathan D. Mattingly
MATTINGLY BURKE COHEN & BIEDERMAN LLP
jon.mattingly@mbcblaw.com

Todd J. Kaiser
OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC
todd.kaiser@odnss.com

Traci L. Martinez
SQUIRE PATTON BOGGS LLP
traci.martinez@squirepb.com